BORUS WATON, RESPONDENT, v. DETROIT FIDELITY AND SURETY COMPANY, A CORPORATION OF THE STATE OF MICHIGAN, APPELLANT.

Argued October 26, 1931—Decided May 16, 1932.

For the appellant, *Zucker & Goldberg.*

For the respondent, *Philip J. Schotland.*

The opinion of the court was delivered by

BODINE, J. The plaintiff sued upon a bond to secure the performance of a contract for the erection of a dwelling house and three-car garage at Nos. 118-120 Weequahic avenue, Newark. The defendant appeals from a judgment in favor of the plaintiff. There is no merit in any of the grounds of appeal argued before us.

On September 27th, 1928, Abraham Ginsburg entered into a written contract to build for Borus Waton the house in question. The agreement excluded plumbing, tinning, heating and gas pipe work—trades carried on by Waton. The

contract was recorded and called for the payment of $14,000 for the work. The building was to be constructed with the approval of Edgar F. Hauser, and in accordance with his plans and specifications.

The Weequahic avenue property was not completed by January 31st, 1929, and on that day the principals entered into a suplemental written agreement. It appears therefrom that Ginsburg, a contractor, was building an apartment house at Nos. 796-798 Broadway, Newark, and that Waton was doing the plumbing, tinning, heating and gas piping work therein. The accounts between the parties were in some confusion and were settled as the agreement recites in the following manner: "It is hereby agreed that if and when Waton completes the plumbing, heating, &c., contract * * * in connection with premises 796-798 Broadway, Newark, New Jersey, bearing date May 18th, 1928, including the materials still necessary for said completion, and in settlement of other matters of account between the parties hereto Abraham Ginsburg will owe to said Borus Waton the sum of $15,261.00/100 and that if and when Abraham Ginsburg completes the above-mentioned building agreement in connection with premises 118-120 Weequahic avenue, Newark, New Jersey, Waton will owe to Abraham Ginsburg the sum of $14,000, so that upon the completion of said respective building agreements, Ginsburg will owe Waton the difference of $1,261 in final setlement of the accounts and the parties hereto agree to liquidate these counter-obligations by charging one off against the other which is hereby agreed upon as the method for payment of same, except as hereinafter modified."

The provisions for the payment of money to Mr. Schotland were made necessary because Waton had about four weeks work to do on the Broadway premises and it would take Ginsburg three months to complete the Weequahic avenue house. The construction required cash payments for payroll. Ginsburg paid to Mr. Schotland only $3,000. This money was disbured in accordance with the supplemental agreement. Ginsburg failed to perform his contract and

abandoned the work. After notice to the principal and the defendant surety company, the plaintiff caused the work to be completed and brought this suit on the bond.

The surety company, when the bond was written, had before it both contracts. The bond contains the following recital and condition: "Whereas, the above bounden principal has entered into a certain written contract with the above named obligee, dated September 27th, 1928, and amendment dated 31st day of January, 1929, for the construction of a dwelling and three-car garage at Nos. 118-120 Weequahic avenue, Newark, New Jersey, except the plumbing, tinning, heating and gas piping works as per the specifications made by Edgar F. Hauser, architect, which contract and amendment are hereby referred to and made a part hereof as fully and to the same extent as if copied at length herein. Now, therefore, the condition of this obligation is such that if the principal shall indemnify the obligee against loss or damage caused by the failure of the principal to faithfully perform said contract, then this obligation shall be null and void; otherwise to remain in full force and effect."

The first answer filed by the defendant was a mere denial of liability upon the bond. This answer was subsequently amended, so as to traverse the allegations in the complaint that the bond was conditioned to indemnify the plaintiff on the two certain contracts referred to. The suit was commenced in October, 1929, and was reached for trial March 4th, 1931. Before the jury was impanelled, the defendant sought to amend the answer by supplement, so as to set up several new defenses—principally mistake and fraud in procuring the bond. The trial judge refused to allow the amendment, stating that since more than a year had elapsed since the previous amended answer was filed it was too late to disturb the "unruffled surface" which had so long hung around the case.

"An application to amend a pleading at the trial is addressed to the discretion of the court, and the decision thereon is not reviewable on appeal. *Bruch* v. *Carter, 32 N. J. L.* 554; *Lutlopp* v. *Heckman,* 70 *Id.* 272." *Reed* v. *Director-General,* 95 *Id.* 525, 532.

The rulings of the trial judge on matters addressed to sound discretion are not disturbed except upon clear proof that such discretion was improperly exercised. *Braelow* v. *Klein,* 100 *N. J. L.* 156, 158.

There is nothing in the record before us to show an abuse of discretion. The sole ground urged for the amendment was that there had been a change of attorneys. The record shows that Ginsburg, and not the plaintiff obtained the bond and before he received it submitted both the contracts to the surety company. If the surety failed to make proper inquiries or prepare proper pleadings that circumstance furnishes no reason for an amendment which would certainly result in the postponement of the trial of a case at issue for more than a year.

The motion for a nonsuit was properly denied. The proofs offered by the plaintiff tended to show that he had performed his contract with Ginsburg and that Ginsburg and the defendant had not performed their contracts with him, and that he was obliged to and did complete the dwelling in substantial compliance with the contract and had expended substantial sums of money in so doing which he sought to recover.

The learned trial judge properly submitted to the jury the issues tendered and left it to them to say whether there was substantial compliance with the contract, and further instructed them that any material alteration or change in the contract without the consent of the surety would operate as a discharge.

The bond did call for the erection of the dwelling and garage in accordance with plans of Edward F. Hauser, architect. The proofs show that further plans by one Ginsburg were made necessary because of some municipal regulation, but there was testimony from which the jury could notwithstanding find construction in substantial compliance with the Hauser plan. A closet may have been changed, a dormer window placed in the roof and solid brick construction may have been used rather than brick veneer. But whether these facts brought the case within or without the rule of sub-

stantial compliance with the contract was, under all the evidence, for the jury and not for the court.

All the other questions raised were submitted to the jury in a legal manner. A further discussion of the matters argued and referred to in the respondent's brief seems unnecessary since they appear to have no merit.

The judgment is affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 14.

*For reversal*—None.